[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/23/99
THOMAS K. KAHN
CLERK

No. 95-3305

D. C. Docket No. 91-11-CV-T-17B

RICHARD B. GOSSARD, JOYCE GOSSARD,
BARNEY DEWEES, JOHN DALY, NURSEFINDERS
OF SARASOTA, INC., NURSEFINDERS OF ST.
PETERSBERG, INC., NURSEFINDERS OF
MOBILE, INC.

Plaintiff-Appellants,

versus

ADIA SERVICES, INC.

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

**(April 23, 1999)**

Before TJOFLAT and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge.

BARKETT, Circuit Judge:

In this tortious interference action, appellants Richard Gossard, Joyce

Gossard, Barney Dewees, John Daly, Nursefinders of Sarasota, Inc., Nursefinders

of St. Petersburg, Inc., and Nursefinders of Mobile, Inc. (collectively "Gossard")

appeal the district court's entry of judgment as a matter of law in favor of Adia

Services, Inc. ("Adia"), notwithstanding the jury verdict which resolved all the

factual issues in favor of Gossard.   The district court's order was based on two

findings: (1) that Adia did not "induce or otherwise cause" a breach of contract

under Florida law, see Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d

812, 814 (Fla.1994) (citing Restatement (Second) of Torts, § 766 (1977) (defining

the tort of "intentional interference with a contract")), and (2) that the jury's

$2,488,000 compensatory damage award was based on an erroneous legal theory.

The facts of this case are set out in Gossard v. Adia, 120 F.3d 1229 (11th

Cir. 1997).  In that opinion, we concluded that the dispositive question of Florida

law was not dictated by the clear and controlling precedent of the Florida Supreme

Court.  Accordingly, we certified the following question to the Florida Supreme

Court:

> WHETHER FLORIDA LAW RECOGNIZES A CLAIM FOR
> TORTIOUS INTERFERENCE AGAINST A CORPORATION
> WHICH PURCHASES AS A SUBSIDIARY A CORPORATION
> WHICH HAS A PREEXISTING OBLIGATION NOT TO
> COMPETE AGAINST ITS FRANCHISEE, PLAINTIFF HEREIN,
> AND SUBSEQUENTLY PURCHASES ANOTHER SUBSIDIARY
> WHICH IS IN DIRECT COMPETITION WITH THE
> FRANCHISEE.

Gossard v. Adia, 120 F.3d 1229, 1231 (11th Cir. 1997).

2

The Florida Supreme Court answered the certified question in the affirmative. <u>See</u> <u>Gossard v. Adia</u>, (Fla.). Based on this opinion, we REVERSE the district court's grant of judgment as a matter of law and remand this case to the district court for proceedings consistent with the opinion of the Florida Supreme Court.